UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTINA M. SWITZENBERG, | No. 18-cv-2429 (KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| MARTIN O'MALLEY,<br>Commissioner of Social Security<br>Defendant, | |
| Defendant. | |

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees. ECF 41. Plaintiff's counsel seeks an award of $18,597.00 pursuant to 42 U.S.C. § 406(b)(1), upon the receipt of which, counsel will refund $1,000 to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act ("EAJA"). *Id*. at 4. The Commissioner does not oppose either the award of fees or the specific amount requested by counsel in this case, instead filing a response that lays out the legal frameworks for analyzing and approving fees in cases similar to this one. *See generally* ECF 44 (Def's Resp. to Mot. for Fees). For the reasons described below, the Court grants Plaintiff's motion.

I.   **BACKGROUND**

Plaintiff filed claims for Social Security disability insurance benefits and supplemental security income benefits on July 24, 2014, alleging a disability onset date of January 31, 2012. *See* ECF 14 (Pl.'s Mem. in Supp. of Mot. for S.J.) at 3. Her claims were

denied initially and upon reconsideration. *Id*. at 3–4. An Administrative Law Judge ("ALG") further denied Plaintiff's claims, and the Social Security Appeals Council denied review of the ALG's determination. *Id*. at 4. Plaintiff then sought judicial review of the ALJ's decision from this Court. *See* ECF 1 (Compl.). The parties both moved for summary judgment. *See* ECF 13 (Pl.'s Mot.), ECF 16 (Def.'s Mot.). While those motions were pending, and following the United States Supreme Court's decision in *Carr v. Saul*, 593 U.S. 83 (2021), the parties reached an agreement that the case should be remanded to the Social Security Administration (the "Agency") for further proceedings. ECF 32. On May 13, 2021, the Court ordered remand. ECF 34. On August 12, 2021, the Court ordered an award to Plaintiff of $1,000.00 in fees under the EAJA. ECF 39. On remand, the ALJ issued a favorable decision to Plaintiff, including an award of $103,188.00 in past-due benefits. *See* ECF 42-2 (Soc. Sec. Admin. Notice of Award) at 3. Plaintiff now seeks attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), based on that award.

II.     DISCUSSION

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for worked performed before the Court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant. The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court has an independent obligation to determine whether an attorneys' fee award in this amount is reasonable. *Id.* at 808.

The Court must first determine whether the plaintiff was successful, because a requirement of § 406(b)(1)(A) is "a judgment favorable to the claimant." The Court finds the representation of Plaintiff was ultimately successful because it resulted in the award of $103,188.00 in past-due disability benefits. *See, e.g.*, *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (awarding fees under § 406(b)(1)(A) where the plaintiff's counsel secured over $80,000 in past-due disability benefits). And plaintiff's potential lifetime benefit will amount to more than $103,188.

Next, the Court must determine if the requested attorneys' fees are reasonable. Plaintiff seeks $18,597.00 in attorneys' fees, amounting to 25% of the past-due benefits awarded[1] and the maximum permitted under § 406(b)(1). The Court finds that the requested fees are reasonable. Plaintiff entered a contingency agreement with counsel and agreed to pay 25% of any past-due benefits awarded. ECF 42-1 at 1. The fee agreement comports with the 25% statutory cap imposed by § 406(b). The Supreme Court has explained that contingent-fee agreements for the statutory maximum 25% of past-due benefits "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. There is also no indication that Plaintiff's counsel caused any delay in this matter or provided substandard representation which could warrant a reduction. *Id.* at 808.

---

[1] The fees sought amount to 25% of the past-due benefits awarded, less $7,500 sought by counsel from the Social Security Administration for work conducted before the agency pursuant to 42 U.S.C. § 406(a).

3

Nor would the full award here be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* Counsel spent a combined 16.1 hours on this case. *See* ECF 42-3 (Itemized Time for Plaintiff's Counsel). This means the full amount requested would compensate counsel at an effective rate of $1,155.09 per hour. Though high, court have approved fees that amount to similarly high rates. *See, e.g.*, *Smith*, 2023 WL 3580817 at *2 (approving award with effective rate of $900 and collecting cases from this district approving awards amounting to greater effective rates). Also, the Court finds the rate to be reasonable in light of the contingent nature of the representation and the possibility that time committed to the representation would result in no fees at all.

Considering the terms of the contingency fee agreement between Plaintiff and her counsel, the successful representation, the amount of effort expended on Plaintiff's case, the length of the proceedings, the comparable rates awarded for Social Security cases in this District, and the statutory requirements of Section 406(b), the Court finds that a fee award of $18,597.00 is reasonable.

Attorneys may collect fee awards for the same work under both EAJA and 42 U.S.C. § 406(b), but the attorney must "'refund to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186) (brackets removed). The fee awarded under EAJA here is smaller than that under § 406(b), so Plaintiff's counsel must refund to the Plaintiff the $1,000 in previously awarded EAJA fees. "Unlike Section 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds as a penalty to the Commissioner." *Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *2 (E.D. Mich. Feb. 9, 2016).

### III. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF 41] is **GRANTED**.

2. The Court authorizes a payment to David L. Christianson, Esquire, counsel for Plaintiff, in the amount of **$18,597.00** in attorney's fees being withheld from Plaintiff's past-due benefits for court related services.

3. Upon receipt of this sum, counsel for Plaintiff shall remit $1,000.00 directly to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

Date: October 1, 2024

                                          *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge